***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission.
2. The North Carolina Industrial Commission has jurisdiction of the parties and of the subject matter pursuant to the North Carolina Workers' Compensation Act.
3. All parties have been properly designated and that there is no question as to mis-joinder or non-joinder of parties.
4. The date of the alleged injury by accident is 2 August 2002.
5. All medicals pertaining to plaintiff's physical condition may be stipulated into evidence, subject to the right of either party to depose the treating physicians subsequent to the hearing before the deputy commissioner.
6. The depositions of Jay Parikh, M.D. and Christopher Mackinnon, M.D. have been submitted and received into evidence.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was 41 years old with a date of birth of 3 August 1961 when he began working with defendant-employer, Labor Ready in March 2002. At that time, plaintiff was assigned to operate equipment in Benson at the Smithfield Packing Company.
2. On or about 2 August 2002, plaintiff was moving boxes from an aisle in the blast area when some of the boxes fell off of the forklift-type machine. Plaintiff was required to manually move the boxes and put them back into the stacks. One of the boxes shifted and fell which caused a set of rollers to move forward. The rollers struck plaintiff's left hand in the palm area and pinned it against a steel beam. Plaintiff's hand remained pinned between the roller and the beam for approximately 35-40 minutes. This was an interruption of plaintiff's work routine by introduction of unusual circumstances, which constituted an injury by accident.
3. Immediately after this incident he reported his injury to a Smithfield Packing Company supervisor, Mike, who took an injury report and then notified defendant-employer, Labor Ready, about the accident.
4. Due to pain and a swollen, bruised hand plaintiff was seen that day by the treating physician at Urgent Care. He was diagnosed with a hand contusion, given a hand splint, told to take the next two days off and then return to work on a full time basis without restrictions. No fracture or foreign body was detected by the x-ray taken of plaintiff's left hand.
5. Plaintiff did return to work after the two-day period and performed all of his duties without further incident.
6. Plaintiff stopped working with defendant-employer, Labor Ready on 13 August 2002. At that time, he became a full time employee of Smithfield Packing Company and subsequently, began working for 10-12 hours a day, 40 hours a week. Plaintiff did not have any further affiliation with defendant-employer, Labor Ready.
7. Plaintiff continued through December 2002 to drive the forklift-type machine at Smithfield Packing Company, which was the same position he had held while employed by defendant-employer, Labor Ready at the Smithfield Packing Company Plant.
8. In early December 2002 plaintiff reported to his supervisor at Smithfield Packing Company that his left hand was causing him pain. Plaintiff was then referred to Urgent Care where he had been treated for his August 2002 compensable injury by accident to his left hand. On 9 December 2002 Dr. Michael Kratt diagnosed plaintiff with a left wrist sprain and possible carpal tunnel syndrome. He was given a wrist splint, a prescription for Naprosyn and told to soak his hand. Plaintiff was released to return to work on 10 December 2002 with restrictions of no pushing and no pulling.
9. Plaintiff sought treatment with Dr. Christopher MacKinnon, a general practitioner, on 16 December 2002 for left hand pain. Dr. MacKinnon referred plaintiff to Dr. Jay R. Parikh, an orthopaedic surgeon, for additional treatment.
10. Plaintiff sought initial treatment with Dr. Parikh on 19 December 2002 complaining of left hand pain and swelling for approximately two months. Dr. Parikh noted plaintiff's August 2002 left hand contusion injury and indicated that these prior symptoms resolved. Plaintiff had no other complaints until two months later when he awoke with pain and stiffness in his left hand. Plaintiff's diagnosis was: "post-traumatic pain and stiffness of the left wrist, possible tendinitis, rule out carpal tunnel syndrome." As a result of his findings, Dr. Parikh ordered nerve conduction studies. Plaintiff returned to work at Smithfield Packing Company with restrictions of no heavy lifting and no heavy use of the left hand.
11. On 30 January 2003, Dr. Parikh reported that nerve conduction studies suggested left carpal tunnel syndrome. Dr. Parikh performed the left carpal tunnel release upon plaintiff in February 2003. After the surgery plaintiff was taken out of work for six weeks and also received physical therapy.
12. Plaintiff last sought treatment with Dr. Parkikh on 13 March 2003. He was released to return to work without any restrictions. He did not receive a permanent partial impairment rating from Dr. Parikh.
13. Subsequent to his release to return to work, plaintiff presented to Smithfield Packing Company for assignment. Plaintiff testified that they had a position available for him doing "broom work." Plaintiff testified that he is "not a broom pusher," so he did not return to work with Smithfield Packing Company. There was no testimony from Smithfield Packing Company regarding this position, as Smithfield Packing Company was not a party to this action.
14. Subsequent to his release to return to work, plaintiff has remained unemployed, has not attempted to contact vocational rehabilitation, has not attempted to contact the Employment Security Commission for assistance in procuring any employment, has not applied for any job and has not looked for any jobs.
15. Based on the greater weight of the evidence, plaintiff does suffer from carpal tunnel syndrome. However, plaintiff's job duties with defendant-employer, Labor Ready did not cause or significantly contribute to his carpal tunnel syndrome. Further, plaintiff's job with defendant-employer, Labor Ready, did not place him at an increased risk of developing carpal tunnel syndrome as compared to members of the general public not so employed.
16. Plaintiff has failed to prove by the greater weight of the evidence that he developed carpal tunnel syndrome as the result of his compensable August left hand contusion injury by accident while in the employ of defendant-employer, Labor Ready.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. While plaintiff was employed by defendant-employer, Labor Ready, he sustained an admittedly compensable injury by accident on or about 2 August 2002, resulting in a contusion injury to his left hand. Plaintiff was released to return to work and did in fact return to work without restrictions two days after the injury by accident. N.C. Gen. Stat. § 97-2(6).
2. However, plaintiff is not entitled to temporary total disability compensation as a result of the compensable injury, as he was not out of work the requisite number of days and sustained no permanent partial disability as a result of this injury. N.C. Gen. Stat. §§ 97-28, 97-29, 97-31(12).
3. Plaintiff failed to show by the greater weight of the evidence that he had any periods of disability, following the date of his return to work with defendant-employer, Labor Ready, which were related to his August 2002 compensable left hand contusion injury. N.C. Gen. Stat. §§ 97-29, 97-30.
4. The evidence fails to establish that plaintiff's carpal tunnel syndrome was caused by or significantly contributed to by his job duties with defendant-employer, Labor Ready or that plaintiff's job duties with Labor Ready exposed him to a greater risk of developing carpal tunnel syndrome, than the general public not so exposed. Therefore, plaintiff is not entitled to recover benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-53(13); Rutledge v. Tultex Corp., 308 N.C. 85,301 S.E.2d 359 (1983); Norris v. Drexel Heritage Furnishings, Inc.,139 N.C. 620, 534 S.E.2d 259 (2000); Futrell v. Resinall,151 N.C. App. 456, 566 S.E.2d 181, affirmed, 357 N.C. 158,579 S.E.2d 269 (2003).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's workers' compensation claim must be and is hereby DENIED.
2. Each party shall bear their own costs.
This the 29th day of July 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DCS/llc